# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LOUIS RANDOLPH FARRING,

       Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY,

       Defendant.

2:12-CV-479 JCM (PAL)

## ORDER

Presently before the court is defendant Hartford Fire Insurance Company's motion to dismiss the amended complaint. (Doc. #4). Plaintiff, Louis Randolph Farring, filed an opposition (doc. #8), to which defendant replied (doc. #9).

## Factual Background

This case arises from defendant's alleged failure to pay plaintiff the benefits from his underinsured motorist policy (UIM) following an automobile accident.

On February 4, 2009, plaintiff was struck by a third-party driver and sustained serious and permanent bodily injuries to his neck, back, limbs, and internal systems. (Doc. #1, Ex. B at ¶¶ 6-7). As a result of his injuries, plaintiff has had to receive ongoing medical care and is unable to participate in occupational or recreational activities. Therefore, plaintiff has suffered from diminished earning capacity, loss of wages, and physical and mental anguish. *Id*. at ¶¶ 8-9 .

**James C. Mahan**
**U.S. District Judge**

At the time of the accident, plaintiff had an uninsured/underinsured policy issued by defendant. Plaintiff settled a claim with the third-party driver's insurance carrier for the maximum policy limit. *Id.* at ¶ 12. Plaintiff then demanded a policy limit payment from defendant. *Id.* at ¶ 12. Plaintiff contends that defendant refused to make an adequate payment and failed to provide a reasonable basis for doing so. *Id.* at ¶ 14. Furthermore, plaintiff argues that defendant's refusal to pay the policy limit was made in bad faith and was an unlawful attempt to force plaintiff to accept less money than he was owed. *Id.* at ¶¶ 15-16. Plaintiff also maintains that defendant's refusal to pay the benefits due to him, as per the contracted insurance policy, was malicious, willful, and intentional and has caused injury to plaintiff. *Id.* at ¶ 17.

This case was removed from state court to this court on March 21, 2012. (Doc. #1). Plaintiff alleges that he had UIM coverage through defendant. (Doc. #1, Ex. B at ¶ 11). Plaintiff alleges that the amount in controversy is well over $75,000 and that he has demanded that defendant pay the policy limit, which is $1 million. (Doc. #1, Ex. B at ¶ 12 and Doc. #6 at 2:12-14). Because the policy in question is worth well over $75,000, plaintiff's complaint satisfies the amount in controversy requirement. Accordingly, plaintiff's complaint has put more than $75,000 in controversy.

**Discussion**

1. Motion to Dismiss

    *(a)   Legal Standard*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

    *(b)*    *Analysis*

    I.    Plaintiff provided sufficient facts to adequately plead his claim for contractual breach of the implied covenant of good faith and fair dealing.

"Every contract imposes upon each party a duty of good faith and fair dealing its performance and its enforcement." *A.C. Shaw Const., Inc. v. Washoe County*, 784 P.2d 9, 10 (Nev. 1989). A contractual breach of an implied covenant of good faith and fair dealing arises "where a party to the contract honors the express terms, but deliberately countervenes the intention and spirit of the contract." *See Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (1991). A plaintiff must prove that defendant literally complied with the express terms of the insurance policy, but violated the policy's "intention and spirit." *Id*. The duty of good faith requires that neither party "do anything to destroy or injure the right of the other to receive the benefits of the contract." *Id*.

1      In the case at hand, defendant is alleged to have failed to properly compensate plaintiff. If
2 this were true, defendant argues that it would have violated an express term of the policy, not the
3 policy's intention and spirit. (Doc. #4 at 6:4-7). Defendant contends that, because plaintiff has not
4 provided facts showing how defendant satisfied the express terms of the policy but countervened its
5 intent and spirit, there is no way for this claim to survive a motion to dismiss. *Id*. at 6:10-11.

6      Plaintiff argues that in his complaint, he alleges sufficient facts to support his claim for
7 breach of the implied covenant of good faith and fair dealing. The complaint alleges that plaintiff
8 was insured under an automobile insurance policy through defendant at the time of the accident;
9 following the accident, plaintiff demanded an uninsured/underinsured policy limit payment;
10 defendant refused to make adequate payment pursuant to the policy requirements; there was no
11 reason why payment should not have been made; and defendant's refusal to make adequate payment
12 was made in bad faith, therefore, denying the benefits of the contract. (Doc. #1, Ex. B ¶¶11-15.

13      Plaintiff has provided sufficient facts to state a claim for contractual breach of the implied
14 covenant of good faith and fair dealings. Therefore, the allegations are raised beyond a speculative
15 level and satisfy the requirements set forth in *Iqbal and Twombly.* Accordingly, defendant's motion
16 to dismiss the claim for breach of the implied covenant of good faith and fair dealing is denied.

17             ii.   Plaintiff has pled sufficient facts to support his claim for tortious breach of
18                   the implied covenant of good faith and fair dealing

19      A claim for a tortious breach of the implied covenant of good faith and fair dealing "requires
20 a special element of reliance or fiduciary duty." *Orton v. First Horizon Nat. Corp.*, No. 3:11cv-
21 00630, 2012 WL 1985294, at *8 (D. Nev. June 4, 2012) (quoting *Great Am. Ins. Co. v. Gen.*
22 *Builders, Inc.*, 113 Nev. 346 (Nev. 1991)). Courts have "recognized this type of reliance in various
23 relationships, including . . . insurance." *K Mart Corp. v. Ponsock*, 732 P.2d 1364 at 1370 (Nev.
24 1987). An insurer breaches the implied covenant of good faith and fair dealing when it "refuses
25 without proper cause to compensate its insured for a loss covered by the policy." *United States*
26 *Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). Further, "an insurer is without
27 proper cause to deny a claim when it has 'actual or implied awareness' that no reasonable basis
28

**James C. Mahan**
**U.S. District Judge**                              - 4 -

1  exists to deny the claim." *Pioneer Chlor Alkali Co., Inc. v. National Union Fire Ins. Co. Of
2  Pittsburg*, 863 F. Supp. 1237, 1242 (D. Nev. 1994); *see also American Excess Ins. Co. v. MGM
3  Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986).

4  Defendant contends that none of the facts alleged in the amended complaint establish that
5  the denial of plaintiff's claim was unreasonable. (Doc. #4 at 8:6). Defendant asserts that, in short,
6  all plaintiff alleges is that there is a disagreement between defendant and plaintiff as to what benefits
7  plaintiff is entitled to. *Id*. at 8:12-13. Defendant further argues that plaintiff's allegations are not
8  factual, but conclusory, and therefore fail to satisfy the sufficiency requirements set forth under
9  *Iqbal*.

10  Plaintiff responds by arguing that he has pled sufficient facts to state this claim. (Doc. #8 at
11  8:19-21). In the complaint, plaintiff alleges that "the defendant's refusal to make adequate payment
12  was made without a reasonable basis in fact or law" and that said refusal was made "in bad faith and
13  for the purpose of denying the benefits of contract for underinsured motorist coverage." (Doc. #1,
14  Ex. B at ¶ 14 and ¶ 15). Plaintiff contends that the above allegations clearly prove that the denial was
15  unreasonable and done in bad faith. (Doc. #8 at 8:26-27). Plaintiff maintains that the allegations
16  in his complaint "go beyond merely alleging defendant failed to compensate" and has, therefore,
17  sufficiently pled his claim. (Doc. #8 at 9:14-15).

18  Based on the aforementioned facts, plaintiff has sufficiently pled his claim for tortious breach
19  of the implied covenant of good faith and fair dealing. Plaintiff's claim is facially plausible because
20  the complaint alleges facts which allow the court to draw a reasonable inference that the defendant
21  is liable for the alleged misconduct. *Pioneer*, 863 F. Supp. at 1242 (1993). Therefore, defendant's
22  motion to dismiss the claim for tortious breach of the implied covenant is denied.

23         iii.    Bad faith is a duplicative claim

24  "The 'bad faith' cause of action is actually one for breach of an implied covenant of good
25  faith and fair dealing." *Vargas v. Cal. State Auto. Assoc. Inter-Ins. Bureau*, 788 F. Supp. 462, 465
26  (D. Nev. 1992).

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    Defendant argues that plaintiff's fourth claim for bad faith is redundant and should be
2    dismissed. (Doc. #4 at 6:22-23). Defendant contends that since the third and fourth claims of action
3    are identical and based on the same underlying allegations (doc. #1, ex. b ¶ 37 and ¶ 42), one of the
4    duplicative claims should be dismissed.

5    Plaintiff fails to address the issue of duplicative claims. Furthermore, plaintiff has conceded
6    that his claim for bad faith is the same as his claim for tortious breach of the implied covenant of
7    good faith and fair dealing. (Doc. #8 at 9 n.1). Therefore, this court is inclined to agree with
8    defendant and grants the motion to dismiss plaintiff's fourth cause of action.

9          iv.    Plaintiff provided sufficient facts to state a claim for violation of NRS
10              686A.310

11   Nevada's laws regarding unfair trade practices are detailed in NRS 686A.310. This statute
12   designates certain insurance company activities as unfair practices and allows for a private right of
13   action by an insured against the insurer for a violation of the statute. *See Hart v. Prudential Property*
14   *and Casualty Ins. Co.*, 848 F. Supp. 900, 903 (D. Nev. 1994). "The provisions of NRS 686A.310
15   address the manner in which an insurer handles an insured's claim [even if] the claim is denied."
16   *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D.Nev. 2010).

17   Defendant argues that plaintiff "provides only a single conclusory allegation" which does not
18   sufficiently state a claim under NRS 686A.310. (Doc. #4 at 4:18-20). Defendant states that
19   plaintiff's allegation in his amended complaint "fails to even hint at which of the act's sixteen
20   provisions defendant allegedly violated, much less provide sufficient facts that could support an
21   alleged violation thereof." *Id.* at 4:22-23.

22   Plaintiff notes that the complaint alleges that "defendant has engaged in unfair trade practices
23   pursuant to NRS 686A.310, including defendant's failure to properly settle plaintiff's claim." (Doc.
24   #1, Ex. B at ¶ 47). Plaintiff contends in his opposition that this conduct violates section (1)(e) of the
25   statute, which makes it an unfair trade practice for an insurer to "[fail] to effectuate prompt, fair and
26   equitable settlements of claims in which liability of the insurer has become reasonably clear." *See*
27   (Doc. #8 at 10:1) *and* NRS 686A.310(1)(e).

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1    Plaintiff's amended complaint does not include facts to support his assertion of the statute
2 violation.  Plaintiff cannot add facts that he forgot to include in his amended complaint by adding
3 them to his opposition.  *See Winkler v. Hartford Financial Services Group Inc.*, 2011 WL 1705559
4 (D.C. Nev. 2011) (dismissing claim where plaintiffs "do not allege any facts supporting claim under
5 Nevada's Unfair Claims Practices Act and do not even specify which portion of the act they allege
6 Defendant violated."). Accordingly, defendant's motion to dismiss plaintiff's claim for violation of
7 NRS 686A.310 is granted.

8    *v.*    Plaintiff provides sufficient facts to support request for punitive damages

9    Defendant argues that punitive damages are only available for "oppressive, fraudulent, or
10 malicious conduct" and not for mere claims of breach of contract. (*See* Doc. #4 at 9:10 and 15);
11 NRS 42.005. Defendant maintains that, since plaintiff failed to provide sufficient facts to establish
12 conduct worthy of punitive damages, his request for punitive damages should be dismissed.

13   Plaintiff asserts that, under NRS 42.005, punitive damages are available "where it is proven
14 by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice,
15 express or implied." NRS 42.005.  Plaintiff argues that he has sufficiently pled his claims for
16 tortious breach of the implied covenant of good faith and fair dealing as well as violations of NRS
17 686A.310 and is, therefore, entitled to punitive damages. (Doc. #8 at 11:11-12). Furthermore,
18 plaintiff contends that his allegations clearly show that defendant's denial of his claim was "an
19 unlawful attempt to force plaintiff to accept less money than the amount due under the policy" which
20 qualifies as malicious, willful, and intentional. (*See* Doc. #8 at 11:13-15) and (Doc. #1, Ex. B at ¶¶
21 16-17).

22   NRS 42.005 provides:

23   > 1. [I]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of
24   > *oppression, fraud or malice, express or implied,* the plaintiff. . . may recover damages for the sake of example and by way of punishing the defendant. . . .
25
26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

      2. The limitations on the amount of an award of exemplary or punitive damages prescribed in subsection 1 do not apply to an action brought against:

          (b) An insurer who acts in *bad faith* regarding its obligations to provide insurance coverage.

NRS 42.005 (1) and (2)(b) (emphasis added).

Based on this court's findings that plaintiff has pled facts which satisfy the conduct necessary to show a violation of NRS 42.005, defendant's motion to dismiss plaintiff's request for punitive damages is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. #4) be, and the same hereby is, GRANTED in part and DENIED in part.

DATED June 27, 2012.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 8 -