1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13
14

LOUIS RANDOLPH FARRING,

       Plaintiff,

v.

HARTFORD FIRE INSURANCE
COMPANY,

       Defendant.

2:12-CV-479 JCM (PAL)

15

**ORDER**

16       Presently before the court is defendant Hartford Fire Insurance Company's motion to dismiss

17 the amended complaint. (Doc. #4). Plaintiff, Louis Randolph Farring, filed an opposition (doc. #8),

18 to which defendant replied (doc. #9).

19                   **Factual Background**

20       This case arises from defendant's alleged failure to pay plaintiff the benefits from his

21 underinsured motorist policy (UIM) following an automobile accident.

22       On February 4, 2009, plaintiff was struck by a third-party driver and sustained serious and

23 permanent bodily injuries to his neck, back, limbs, and internal systems**.** (Doc. #1, Ex. B at ¶¶ 6-7).

24 As a result of his injuries, plaintiff has had to receive ongoing medical care and is unable to

25 participate in occupational or recreational activities. Therefore, plaintiff has suffered from

26 diminished earning capacity, loss of wages, and physical and mental anguish. *Id*. at ¶¶ 8-9 .

27
28

**James C. Mahan**
**U.S. District Judge**

1    At the time of the accident, plaintiff had an uninsured/underinsured policy issued by

2    defendant. Plaintiff settled a claim with the third-party driver's insurance carrier for the maximum

3    policy limit. *Id*. at ¶ 12. Plaintiff then demanded a policy limit payment from defendant. *Id*. at ¶

4    12. Plaintiff contends that defendant refused to make an adequate payment and failed to provide a

5    reasonable basis for doing so. *Id*. at ¶ 14. Furthermore, plaintiff argues that defendant's refusal to

6    pay the policy limit was made in bad faith and was an unlawful attempt to force plaintiff to accept

7    less money than he was owed. *Id*. at ¶¶ 15-16. Plaintiff also maintains that defendant's refusal to

8    pay the benefits due to him, as per the contracted insurance policy, was malicious, willful, and

9    intentional and has caused injury to plaintiff. *Id*. at ¶ 17.

10   This case was removed from state court to this court on March 21, 2012**.** (Doc. #1). Plaintiff

11   alleges that he had UIM coverage through defendant. (Doc. #1, Ex. B at ¶ 11). Plaintiff alleges that

12   the amount in controversy is well over $75,000 and that he has demanded that defendant pay the

13   policy limit, which is $1 million. (Doc. #1, Ex. B at ¶ 12 and Doc. #6 at 2:12-14). Because the

14   policy in question is worth well over $75,000, plaintiff's complaint satisfies the amount in

15   controversy requirement. Accordingly, plaintiff's complaint has put more than $75,000 in

16   controversy.

17                                  **Discussion**

18   1.   Motion to Dismiss

19        (a)   *Legal Standard*

20   A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

21   be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

22   statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell*

23   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

24   allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

25   of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478

26   U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level."

27   *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

28

**James C. Mahan**
**U.S. District Judge**

1  factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949
2  (internal citation omitted).

3       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
4  considering motions to dismiss. First, the court must accept as true all well-pled factual allegations
5  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.
6  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
7  suffice. *Id*. at 1949.

8       Second, the court must consider whether the factual allegations in the complaint allege a
9  plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint
10 alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the
11 alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than
12 the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is
13 entitled to relief." *Id*. (internal quotations omitted). When the claims in a complaint have not
14 crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550
15 U.S. at 570.

16       (b)    *Analysis*

17             I.    Plaintiff provided sufficient facts to adequately plead his claim for
18                   contractual breach of the implied covenant of good faith and fair dealing.

19       "Every contract imposes upon each party a duty of good faith and fair dealing its performance
20 and its enforcement." *A.C. Shaw Const., Inc. v. Washoe County*, 784 P.2d 9, 10 (Nev. 1989). A
21 contractual breach of an implied covenant of good faith and fair dealing arises "where a party to the
22 contract honors the express terms, but deliberately countervenes the intention and spirit of the
23 contract." *See Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (1991). A plaintiff must
24 prove that defendant literally complied with the express terms of the insurance policy, but violated
25 the policy's "intention and spirit." *Id*. The duty of good faith requires that neither party "do
26 anything to destroy or injure the right of the other to receive the benefits of the contract." *Id*.

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    In the case at hand, defendant is alleged to have failed to properly compensate plaintiff.  If

2    this were true, defendant argues that it would have violated an express term of the policy, not the

3    policy's intention and spirit.  (Doc. #4 at 6:4-7).  Defendant contends that, because plaintiff has not

4    provided facts showing how defendant satisfied the express terms of the policy but countervened its

5    intent and spirit, there is no way for this claim to survive a motion to dismiss.  *Id*. at 6:10-11.

6    Plaintiff argues that in his complaint, he alleges sufficient facts to support his claim for

7    breach of the implied covenant of good faith and fair dealing.  The complaint alleges that plaintiff

8    was insured under an automobile insurance policy through defendant at the time of the accident;

9    following the accident, plaintiff demanded an uninsured/underinsured policy limit payment;

10   defendant refused to make adequate payment pursuant to the policy requirements; there was no

11   reason why payment should not have been made; and defendant's refusal to make adequate payment

12   was made in bad faith, therefore, denying the benefits of the contract. (Doc. #1, Ex. B ¶¶11-15.

13   Plaintiff has provided sufficient facts to state a claim for contractual breach of the implied

14   covenant of good faith and fair dealings.  Therefore, the allegations are raised beyond a speculative

15   level and satisfy the requirements set forth in *Iqbal and Twombly.* Accordingly, defendant's motion

16   to dismiss the claim for breach of the implied covenant of good faith and fair dealing is denied.

17           ii.     Plaintiff has pled sufficient facts to support his claim for tortious breach of

18                   the implied covenant of good faith and fair dealing

19   A claim for a tortious breach of the implied covenant of good faith and fair dealing "requires

20   a special element of reliance or fiduciary duty." *Orton v. First Horizon Nat. Corp.*, No. 3:11cv-

21   00630, 2012 WL 1985294, at *8 (D. Nev. June 4, 2012) (quoting *Great Am. Ins. Co. v. Gen.*

22   *Builders, Inc.*, 113 Nev. 346 (Nev. 1991)).  Courts have "recognized this type of reliance in various

23   relationships, including . . . insurance." *K Mart Corp. v. Ponsock*, 732 P.2d 1364 at 1370 (Nev.

24   1987).  An insurer breaches the implied covenant of good faith and fair dealing when it "refuses

25   without proper cause to compensate its insured for a loss covered by the policy." *United States*

26   *Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975).  Further, "an insurer is without

27   proper cause to deny a claim when it has 'actual or implied awareness' that no reasonable basis

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    exists to deny the claim." *Pioneer Chlor Alkali Co., Inc. v. National Union Fire Ins. Co. Of*

2    *Pittsburg*, 863 F. Supp. 1237, 1242 (D. Nev. 1994); *see also American Excess Ins. Co. v. MGM*

3    *Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986).

4         Defendant contends that none of the facts alleged in the amended complaint establish that

5    the denial of plaintiff's claim was unreasonable. (Doc. #4 at 8:6). Defendant asserts that, in short,

6    all plaintiff alleges is that there is a disagreement between defendant and plaintiff as to what benefits

7    plaintiff is entitled to. *Id.* at 8:12-13. Defendant further argues that plaintiff's allegations are not

8    factual, but conclusory, and therefore fail to satisfy the sufficiency requirements set forth under

9    *Iqbal*.

10        Plaintiff responds by arguing that he has pled sufficient facts to state this claim. (Doc. #8 at

11   8:19-21). In the complaint, plaintiff alleges that "the defendant's refusal to make adequate payment

12   was made without a reasonable basis in fact or law" and that said refusal was made "in bad faith and

13   for the purpose of denying the benefits of contract for underinsured motorist coverage." (Doc. #1,

14   Ex. B at ¶ 14 and ¶ 15). Plaintiff contends that the above allegations clearly prove that the denial was

15   unreasonable and done in bad faith. (Doc. #8 at 8:26-27). Plaintiff maintains that the allegations

16   in his complaint "go beyond merely alleging defendant failed to compensate" and has, therefore,

17   sufficiently pled his claim. (Doc. #8 at 9:14-15).

18        Based on the aforementioned facts, plaintiff has sufficiently pled his claim for tortious breach

19   of the implied covenant of good faith and fair dealing. Plaintiff's claim is facially plausible because

20   the complaint alleges facts which allow the court to draw a reasonable inference that the defendant

21   is liable for the alleged misconduct. *Pioneer*, 863 F. Supp. at 1242 (1993). Therefore, defendant's

22   motion to dismiss the claim for tortious breach of the implied covenant is denied.

23              iii.    Bad faith is a duplicative claim

24        "The 'bad faith' cause of action is actually one for breach of an implied covenant of good

25   faith and fair dealing." *Vargas v. Cal. State Auto. Assoc. Inter-Ins. Bureau*, 788 F. Supp. 462, 465

26   (D. Nev. 1992).

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1  Defendant argues that plaintiff's fourth claim for bad faith is redundant and should be

2  dismissed. (Doc. #4 at 6:22-23). Defendant contends that since the third and fourth claims of action

3  are identical and based on the same underlying allegations (doc. #1, ex. b ¶ 37 and ¶ 42), one of the

4  duplicative claims should be dismissed.

5  Plaintiff fails to address the issue of duplicative claims. Furthermore, plaintiff has conceded

6  that his claim for bad faith is the same as his claim for tortious breach of the implied covenant of

7  good faith and fair dealing. (Doc. #8 at 9 n.1). Therefore, this court is inclined to agree with

8  defendant and grants the motion to dismiss plaintiff's fourth cause of action.

9          iv.   Plaintiff provided sufficient facts to state a claim for violation of NRS

10              686A.310

11 Nevada's laws regarding unfair trade practices are detailed in NRS 686A.310. This statute

12 designates certain insurance company activities as unfair practices and allows for a private right of

13 action by an insured against the insurer for a violation of the statute. *See Hart v. Prudential Property*

14 *and Casualty Ins. Co.*, 848 F. Supp. 900, 903 (D. Nev. 1994). "The provisions of NRS 686A.310

15 address the manner in which an insurer handles an insured's claim [even if] the claim is denied."

16 *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D.Nev. 2010).

17 Defendant argues that plaintiff "provides only a single conclusory allegation" which does not

18 sufficiently state a claim under NRS 686A.310. (Doc. #4 at 4:18-20). Defendant states that

19 plaintiff's allegation in his amended complaint "fails to even hint at which of the act's sixteen

20 provisions defendant allegedly violated, much less provide sufficient facts that could support an

21 alleged violation thereof." *Id.* at 4:22-23.

22 Plaintiff notes that the complaint alleges that "defendant has engaged in unfair trade practices

23 pursuant to NRS 686A.310, including defendant's failure to properly settle plaintiff's claim." (Doc.

24 #1, Ex. B at ¶ 47). Plaintiff contends in his opposition that this conduct violates section (1)(e) of the

25 statute, which makes it an unfair trade practice for an insurer to "[fail] to effectuate prompt, fair and

26 equitable settlements of claims in which liability of the insurer has become reasonably clear." *See*

27 (Doc. #8 at 10:1) *and* NRS 686A.310(1)(e).

28

James C. Mahan
U.S. District Judge

- 6 -

1    Plaintiff's amended complaint does not include facts to support his assertion of the statute

2    violation.  Plaintiff cannot add facts that he forgot to include in his amended complaint by adding

3    them to his opposition.  *See Winkler v. Hartford Financial Services Group Inc.*, 2011 WL 1705559

4    (D.C. Nev. 2011) (dismissing claim where plaintiffs "do not allege any facts supporting claim under

5    Nevada's Unfair Claims Practices Act and do not even specify which portion of the act they allege

6    Defendant violated.").  Accordingly, defendant's motion to dismiss plaintiff's claim for violation of

7    NRS 686A.310 is granted.

8           *v.*      Plaintiff provides sufficient facts to support request for punitive damages

9    Defendant argues that punitive damages are only available for "oppressive, fraudulent, or

10   malicious conduct" and not for mere claims of breach of contract.  (*See* Doc. #4 at 9:10 and 15);

11   NRS 42.005. Defendant maintains that, since plaintiff failed to provide sufficient facts to establish

12   conduct worthy of punitive damages, his request for punitive damages should be dismissed.

13   Plaintiff asserts that, under NRS 42.005, punitive damages are available "where it is proven

14   by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice,

15   express or implied."  NRS 42.005.  Plaintiff argues that he has sufficiently pled his claims for

16   tortious breach of the implied covenant of good faith and fair dealing as well as violations of NRS

17   686A.310 and is, therefore, entitled to punitive damages.  (Doc. #8 at 11:11-12).  Furthermore,

18   plaintiff contends that his allegations clearly show that defendant's denial of his claim was "an

19   unlawful attempt to force plaintiff to accept less money than the amount due under the policy" which

20   qualifies as malicious, willful, and intentional.  (*See* Doc. #8 at 11:13-15) and (Doc. #1, Ex. B at ¶¶

21   16-17).

22   NRS 42.005 provides:

23          1.  [I]n an action for the breach of an obligation not arising from contract, where it
            is proven by clear and convincing evidence that the defendant has been guilty of
24          *oppression, fraud or malice, express or implied,* the plaintiff. . . may recover
            damages for the sake of example and by way of punishing the defendant. . . .

25

26   . . .

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**                                    - 7 -

1             2.  The limitations on the amount of an award of exemplary or punitive damages prescribed in subsection 1 do not apply to an action brought against:

2

3                 (b) An insurer who acts in *bad faith* regarding its obligations to provide insurance coverage.

4 NRS 42.005 (1) and (2)(b) (emphasis added).

5       Based on this court's findings that plaintiff has pled facts which satisfy the conduct necessary

6 to show a violation of NRS 42.005, defendant's motion to dismiss plaintiff's request for punitive

7 damages is denied.

8       Accordingly,

9       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to

10 dismiss (doc. #4) be, and the same hereby is, GRANTED in part and DENIED in part.

11       DATED June 27, 2012.

12

13                                 _____

14                           **UNITED STATES DISTRICT JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28