1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LOUIS RANDOLPH FARRING,

              Plaintiff,

v.

HARTFORD FIRE INSURANCE
COMPANY,

              Defendant.

2:12-CV-479 JCM (PAL)

**ORDER**

Presently before the court is plaintiff's motion for leave to amend his complaint. (Doc. # 22). Defendant has filed an opposition (doc. # 23), to which plaintiff has replied (doc. # 24).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. In addition to the Rule 15(a) requirements, the local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to amend. LR 15-1(a).

**James C. Mahan**
**U.S. District Judge**

Plaintiff wishes to amend his complaint to reassert a cause of action for unfair trade practices, (doc. # 22: 4:15-16), and plaintiff has attached his proposed, amended complaint with his motion in compliance with LR 15-1(a). The court previously dismissed plaintiff's unfair trade practices cause of action on the basis that plaintiff did "not include facts to support his assertion of the statute violation." (Doc. # 14, 7:1-2). In plaintiff's response to defendant's motion to dismiss, plaintiff requested the court to grant leave to amend. The court's order dismissed the unfair trade practices cause of action and did not address plaintiff's request to amend.

Defendant opposes plaintiff's instant motion on the basis that the court already addressed and rejected plaintiff's request to amend and that plaintiff's amendment will cause undue delay. However, the court disagrees with defendant on both these grounds. First, the court did not address plaintiff's request; it is proper procedure under the Local Rules to require parties to file a motion to amend with a proposed, amended pleading. Thus, the court finds that plaintiff's motion to amend is now properly before the court. Second, there has not been undue delay by plaintiff bringing the instant motion as the deadline to file amended pleadings does not expire until December 24, 2012. (*See* doc. # 19, 4:26-28.

Having found none of the illustrative examples given by the Supreme Court in *Foman* as grounds to deny leave and in light of the extreme liberality courts exercise in granting leave to amend complaints,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for leave to amend his complaint (doc. # 22) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff file a first amended complaint identical to that attached as exhibit 1 to the motion to amend within fourteen (14) days of the entry of this order.

DATED October 5, 2012.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -