UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LOUIS RANDOLPH FARRING,

    Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

2:12-CV-479 JCM (PAL)

## ORDER

This is a diversity action filed against defendant Hartford Fire Insurance Company by plaintiff Louis Randolph Farring. Presently before the court is a motion *in limine* filed by defendant. (Doc. # 52). Plaintiff filed a response in opposition to this motion. (Doc. # 56).

**I.    Legal Standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (citing Federal Rule of Evidence 103(c)). *In limine* rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). The admissibility of expert testimony is governed by Federal Rule of Evidence 104, which provides for a court to decide "any preliminary question about whether

**James C. Mahan**
**U.S. District Judge**

1  a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a).

2  "In so deciding, the court is not bound by evidence rules, except those on privilege." *Id.* In order to satisfy the burden of proof for Rule 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

Federal Rule of Evidence 702 provides that a qualified expert witness may provide testimony in the form of an opinion if the court finds that:

    (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b)    the testimony is based on sufficient facts or data;

    (c)    the testimony is the product of reliable principles and methods; and

    (d)    the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In 2000 this rule was amended in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, including *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999).

**II.     Discussion**

The court will address only those facts which are pertinent to resolution of the instant motion *in limine*.

In the instant motion, defendant argues that the court should exclude the testimony of plaintiff's hedonic damages expert, Dr. Stan V. Smith. Dr. Smith is an economist that uses the theory of "risk reduction value" to assist juries in monetizing damages in personal injury suits. His work on this case has included applying economic calculations estimating the value of human life and household services to the losses suffered by plaintiff.

Defendant argues that Smith's testimony should be rejected under the *Daubert* standard, claiming that Smith's methodology is not reliable, it is not accepted by other economists, and it will

**James C. Mahan**
**U.S. District Judge**

- 2 -

not assist the jury in this matter.

While economists have come to different conclusions regarding the value to ascribe to a human life using "risk reduction" or "willingness to pay" methodology, this paradigm is widely used by economists to determine monetary values associated with everyday risks. Economists using this theory study the reactions of individuals to risks, and how their choices to invest in risk-prevention measures correlate with the probability of suffering a serious injury. While it is clear that different individuals will associate different monetary values with risks, economists view aggregated data to determine how much the average individual would pay to avoid a certainty of an injury. Because this methodology determines conclusions through observations of large amounts of objective data, its reliability is not in doubt.

Plaintiff correctly notes that Dr. Smith's work has been published in countless peer-reviewed academic journals, and that the particular theories he uses in this case are included in textbooks relied upon by numerous universities across the country. While some economists disagree with Dr. Smith's conclusions, his methodology has a strong following in the field.

Defendant's claims that Dr. Smith's testimony would not assist the jury are unfounded. Without the assistance of an expert, the jury would be left to create a number as to the monetary value of plaintiff's hedonic damages without a basis in objective fact. Defendant will have an opportunity to cross-examine Dr. Smith and present to the jury any errors in his methodology or failures in applying the particular facts of this case. The jury will be free to accept or reject Dr. Smith's conclusions as it sees fit.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion *in limine* to exclude the testimony of Dr. Stan V. Smith (doc. # 52) be, and the same hereby is, DENIED.

DATED March 14, 2014.

_____
**UNITED STATES DISTRICT JUDGE**